**SECOND DIVISION**
**MILLER, P. J.,**
**ANDREWS and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 24, 2018**

# In the Court of Appeals of Georgia

A18A0750. THE STATE v. CAIN.

ANDREWS, Judge.

The State appeals pursuant to OCGA § 5-7-1 (a) (1) from the trial court's pre-trial order dismissing an accusation charging Daniel Clayton Cain with driving an automobile under the influence of alcohol: (1) with a blood alcohol concentration of 0.08 or more in violation of OCGA § 40-6-391 (a) (5) (count one), and (2) to the extent that it was less safe for him to drive in violation of OCGA § 40-6-391 (a) (1) (count two). The court granted Cain's motion to dismiss the accusation based on its finding that the State violated Cain's due process rights under the United States and Georgia Constitutions when it acted in bad faith by intentionally failing to preserve evidence within its possession and control which the court found was relevant and material to the issue of whether Cain was driving under the influence of alcohol in

violation of OCGA § 40-6-391 (a) (5). The evidence which the state failed to preserve was a video taken by a camera mounted in the arresting officer's patrol vehicle which showed the field sobriety tests the officer gave to Cain, the officer's arrest of Cain, and the officer's reading of Cain's implied consent rights. For the following reasons, we reverse.

A Glynn County police officer who observed Cain weaving out of his lane of traffic and almost hitting a tree adjacent to the road stopped Cain to conduct an investigation. When the officer observed that Cain's speech was slurred and that an odor of alcohol was on his breath, he contacted a DUI task force officer who responded to the stop. The task force officer also observed that Cain had slurred speech and the odor of alcohol coming from his breath and conducted field sobriety testing on Cain. The officer testified that every field sobriety test he conducted showed that Cain demonstrated signs of alcohol intoxication. As a result, the officer placed Cain under arrest for driving under the influence and read him his implied consent rights. Cain consented to a state-administered chemical test of his breath which produced test results showing that his blood alcohol concentration was 0.175.

The arresting officer testified that the field sobriety testing, the arrest, and the reading of implied consent rights were all captured on video taken by a camera

2

mounted inside his police patrol vehicle. According to the officer, he normally would have downloaded the video from the camera to a server located at the Glynn County Police Department, and then downloaded the video from the server to a compact disc to be placed in the case file and preserved as evidence. This was not done in the present case, however, because a malfunction in the system prevented the officer from downloading the video from the camera to the server. The officer became aware of the malfunction about two days after the arrest and attempted to preserve the video by having it downloaded directly from the camera, but the system malfunction prevented the video from being pulled directly from the camera. Although the officer was aware that the camera would only preserve the video for about sixty days, no further attempt was made to obtain the video from the camera and eventually the video was lost.

"[T]here is no [federal or state] constitutional due process requirement that police maintain all material that might be of conceivable evidentiary significance." *State v. Mussman*, 289 Ga. 586, 589 (713 SE2d 822) (2011) (citation and punctuation omitted); *Arizona v. Youngblood*, 488 U. S. 51, 58 (109 SCt 333, 102 LE2d 281) (1988).

3

>To determine if a defendant's due process rights have been violated where, as here, the lost evidence *could* have been exculpatory, but where it is not known that the evidence *would* have been exculpatory, this Court considers whether the evidence was constitutionally material and whether the police acted in bad faith. Evidence is constitutionally material when its exculpatory value is apparent before it was lost or destroyed and is of such a nature that a defendant would be unable to obtain other comparable evidence by other reasonably available means.

*Mussman*, 289 Ga. at 590 (citation and punctuation omitted; emphasis in original).

Under this standard, evidence is not constitutionally material because it may be "potentially useful" to the defendant's defense – "[t]he key is the 'apparent exculpatory value' of the evidence prior to its destruction or loss and 'apparent' in this context has been defined as readily seen; visible; readily understood or perceived; evident; obvious." *Johnson v. State*, 289 Ga. 106, 109 (709 SE2d 768) (2011) (citation and punctuation omitted); *State v. Mizell*, 288 Ga. 474, 476 (705 SE2d 154) (2011). Moreover, bad faith by the police in this context is limited to "those cases in which the police themselves by their conduct indicate that the evidence could form a basis for exonerating the defendant." *Youngblood*, 488 U. S. at 58; *Mussman*, 289 Ga. at 591 (to establish bad faith, police conduct must show "some intent to wrongfully withhold constitutionally material evidence from the defendant.").

Applying the above standards, we find no evidence which could support the conclusion that the lost video contained constitutionally material evidence or that the police lost the evidence in bad faith. There is no evidence to support Cain's speculation that the lost video may have contained exculpatory evidence. In fact, all the evidence showed that, when the video was lost, the police had every reason to believe it contained evidence inculpatory of Cain. Neither Cain's speculation that the lost video could have been useful to his defense – nor the trial court's finding that the lost video contained "relevant" and "material" evidence – supported dismissal of the accusation. Because there was no evidence that Cain's due process rights were violated, the trial court's order dismissing the accusation is reversed.

*Judgment reversed. Miller, P. J., and Brown, J. concur.*